### THE PEOPLE v. HENRY BEACH.

*Liquor traffic—Druggists—Evidence.*

Where on the trial of a respondent for engaging in the sale of spirituous liquors at retail without having paid the tax, posted the notice, or given the bond required by law, the testimony shows that no tax has been paid or receipt issued therefor or bond given, but tends to show that respondent is a druggist, and does not tend to negative the filing by him of a bond as such druggist, a conviction will be set aside.

Exceptions before judgment from Oceana. (Dickerman, J.) Submitted on briefs June 29, 1892. Decided July 28, 1892.

Respondent was convicted of engaging in the sale of liquors without paying the tax or giving the bond required

by law. Conviction set aside, and new trial ordered. The facts are stated in the opinion.

*F. W. Cook,* for respondent.

*A. A. Ellis,* Attorney General, and *H. W. Harpster,* Prosecuting Attorney, for the people.

McGRATH, J. The complaint alleged that respondent was on the 5th day of September, 1891, engaged in the business of selling and keeping for sale, and sold to Philetus W. Parrish and other persons, spirituous, malt, brewed, fermented, and vinous liquors (the same not being proprietary patent medicines), at retail, without having paid the tax, posted up the notice, or given the bond required, not being a druggist. Testimony was introduced showing that respondent had paid no tax; that no receipt for any tax upon the sale of spirituous liquors had been issued to him, and that no bond had been filed as prescribed by law for the purpose of engaging in the sale of liquors.

The first contention was that respondent had had no preliminary examination. The fact was that he was complained against as Dr. Beach, and on his examination gave his Christian name as Henry, and he was informed against as Henry Beach. The testimony upon the examination was introduced for the purpose of showing that fact, and was entirely competent.

The proofs tended to show that respondent was a druggist, and there was no testimony tending to show that he had not filed a bond as such druggist.

For this error the conviction must be set aside, and a new trial had.

The other Justices concurred.